**154**

UNITED STATES of America and
Bruce B. Miller

v.

Ida BOUDREAUX, as Assistant Cashier
of First National Bank of Jefferson
Parish, and First National Bank of Jef-
ferson Parish.

Civ. A. No. 68-2174.

United States District Court,
E. D. Louisiana,
New Orleans Division.

June 22, 1971.

See also, D.C., 303 F.Supp. 1366.

John M. Dowd, Tax Div., Dept. of
Justice, Washington, D. C., and John

R. Schupp, Asst. U. S. Atty., New Orle-
ans, La., for plaintiffs.

Robert H. Fray, Gretna, La., for de-
fendants.

COMISKEY, District Judge.

There came on for hearing the peti-
tion of the United States of America
and Special Agent Bruce B. Miller for
an order to show cause why Ida Boud-
reaux as Assistant Cashier of the First
National Bank of Jefferson Parish and
the First National Bank of Jefferson
Parish, respondents, should not be held
in contempt for their failure to comply
with this Court's order. A hearing was
held and the matter was taken under
submission. Now the Court is ready
to rule.

Based on Findings of Fact and Con-
clusions of Law hereinafter set out, the
Court finds both defendants, Ida Boud-
reaux, as a Cashier of the First Na-
tional Bank of Jefferson Parish and the
First National Bank of Jefferson Parish
in contempt of Court and hereby im-
poses a fine of $250.00 against Ida
Boudreaux as Assistant Cashier of the
First National Bank of Jefferson Parish
and a fine of $7,000.00 against the First
National Bank of Jefferson Parish.

FINDINGS OF FACT

1. On July 23, 1968, the petitioner,
Special Agent Bruce B. Miller served
an Internal Revenue summons on Ida
Boudreaux as Assistant Cashier of
First National Bank of Jefferson Parish
to testify and to produce certain books,
records and documents of the First Na-
tional Bank of Jefferson Parish.

2. The respondents did not comply
with the summons because this Court
temporarily restrained their compliance
by its order of August 7, 1968 until the
entire matter could be fully heard.

3. On November 26, 1968, the peti-
tioners filed a summons enforcement ac-
tion in this Court against these respond-
ents and two others. Thereafter the
taxpayer, Kevin L. Donaldson interven-
ed and several hearings were held by
this Court.

4. On September 2, 1969, this Court entered a judgment enforcing the summons issued to the respondents herein.

5. On September 15, 1969, upon the application of the intervenor, Kevin L. Donaldson, this Court stayed the execution of its judgment mentioned above pending the appeal of Mr. Donaldson.

6. In this Court's stay order of September 15, 1969, this Court specifically directed these respondents to preserve, protect and keep in their custody all of the materials sought by the petitioners pending appeal.

7. Mrs. Boudreaux and the Bank were apprised of the provisions of this Court's order of September 15, 1969 by their counsel.

8. At no time during the enforcement proceeding or following this Court's orders of September 2, or September 15, 1969 did the Bank or Mrs. Boudreaux segregate, separate or label the summoned records from the general records of the bank which were then contained in forty file boxes.

9. Toward the end of the calendar year 1969 and shortly after this Court's order of September 15, 1969, Mr. Sheffler, Executive Vice President and Cashier for the respondent Bank, ordered 80 boxes of records including the 40 boxes containing the summoned bank deposit slips marked for destruction and destroyed.

10. On February 14, 1970, the Bank's maintenance engineer pursuant to the orders mentioned above burned and destroyed the summoned bank deposit slips at the Gretna Incinerator.

11. On March 17, 1971, this Court dissolved its previous stay order and directed the respondents to testify and produce the summoned bank records.

12. On April 20, 1971, Special Agent Miller was advised by counsel for the respondent that the summoned bank deposit slips had been destroyed and could not be produced.

13. The United States of America incurred $7,204.03 in time, labor and travel expenses in litigating this entire summons enforcement proceeding.

### CONCLUSIONS OF LAW

1. This Court has jurisdiction of this contempt proceeding pursuant to 26 U.S.C. §§ 7402(a) and (b) and 7604(a) and (b).

2. The respondents were at all times material to this cause ordered by this Court to preserve, protect and retain in their custody the bank records called for by the Internal Revenue Summons.

3. The respondents have disobeyed this Court's orders of September 15, 1969 and March 17, 1971 by permitting the summoned bank records to be destroyed.

4. The acts and omissions of the respondents of failing to preserve, protect and retain in their custody the summoned bank records and permitting the destruction of those records constitutes gross negligence on the part of the respondents.

5. The respondents by their gross negligence in the handling of the summoned records are in contempt of this Court's orders of September 15, 1969 and March 17, 1971.

The Clerk will prepare a final judgment.